FANNIE B. MICKELSON, Plaintiff, Appellee, v. JOHN H. MICKELSON, Defendant, L. M. HULLINGER, Appellant.

No. 43671.

DECEMBER 15, 1936.

Dio S. McGinnis, for appellee.

Rolla Shewmaker, O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellant.

ANDERSON, J.—This appeal involves a ruling of the trial court on the question of attorney fees in a divorce action. The appellant, L. M. Hullinger, was employed by the appellee, Fannie B. Mickelson, to commence and prosecute a divorce action for her against the defendant, John H. Mickelson. A written contract as to the attorney fees was entered into between the appellant and appellee under the terms of which the appellant, attorney, was to receive for his services in the divorce action any amount that the court allowed and taxed as fees against the defendant, and in addition thereto a sum equal to fifty per cent of all moneys received from the defendant by the plaintiff as cash or property settlement, it being expressly provided that the attorney should receive no part of any real estate secured for the plaintiff and no part of any alimony which might be paid in installments. The divorce case was commenced by the appellant and an answer and cross-petition was filed by the defendant. After this a stipulation was entered into between the plaintiff and defendant by the terms of which the plaintiff was to have as her own a certain residence property in the town of Lamoni, Decatur County, Iowa, together with all household goods owned by the parties, and was to receive in addition thereto a sum of $500, and the contingent interest of the defendant in the property of the plaintiff was to be waived. At the time this stipulation was entered into the question as to the amount of attorney fees was discussed and it was agreed, outside and regardless of the written contract for attorney fees heretofore referred to, that the appellant, Hullinger, should receive $250 for his fee. No attorney's fee was taxed as part of the costs in the decree. The agreement to pay the $250 as attorney fees at the time the stipulation as to property rights was executed is not in serious dispute. Mrs. Mickelson herself testifies that she knew what the attorney fees would be at the time she signed the stipulation. Two disinterested witnesses who were present at the time the stipulation was signed by Mrs. Mickelson testified that Mr. Hullinger told the plaintiff, Mrs. Mickelson, at that time that his fee would be $250, and that Mrs. Mickelson said that she thought the fee was pretty high but would agree to it. She herself does not deny this testimony. She received as her own, under the

stipulation as to the property rights, the residence property in Lamoni which the record shows was worth about $1,200, with an incumbrance of some $400 or $450 against it. She also received the household goods in accordance with the terms of the stipulation. She testifies that she only asked for the home and enough money to pay expenses. She says, "I didn't want the land (eighty-two acres). I told him (my attorney) it would not mean anything to me; that it would only mean an expense, leave the land alone, just get me the home."

A decree was later entered on the defendant's cross-petition and the stipulation as to property rights and settlement approved by the court. The eighty-two acres owned by the defendant, Mickelson, was of doubtful value. Later it was necessary that the defendant mortgage this small unimproved tract to raise the $500 that the stipulation of settlement provided he should pay, and the plaintiff, Mrs. Mickelson, executed a quitclaim deed releasing any interest that she might have in said tract. The $500 was paid into court and the appellant, attorney Hullinger, filed a lien thereon in the clerk's office for the $250 fee claimed by him. The balance of the money was paid to Mrs. Mickelson. The attorney, appellant, then filed a motion asking that an order be made by the court directing the clerk to pay the $250 in his hands to the appellant.

Upon the record thus made the court found the contract for attorney fees illegal and ordered payment of $75 only to the said appellant, and from this order the appellant brings the matter to this court on appeal.

The court based its ruling upon the case of Roten v. Tesdell, 195 Iowa 1329, 192 N. W. 442, 30 A. L. R. 180, but we do not think that case supports the finding and order of the trial court in the instant case. In the cited case the contract for attorney fees was unconscionable, and so found by this court, and this court further found that the services required and actually rendered were so disproportionate to the fee received that the contract could not be sustained. This court further found in that case that an agreement to pay an attorney's fee contingent upon the procurement of a divorce and the adjustment of property rights in connection therewith is void because violative of public policy, but we have no such questions in the case at bar. In the cited case the contract provided that the attorneys should receive a contingent fee of twenty per cent upon all property

secured for their client; there was no property to secure as the defendant was without means and the only property involved was property of the plaintiff in which the defendant had a contingent right or title incident to the marriage relation. There the property of the plaintiff amounted to about $54,000, and the contract for attorney fees in reality required her to pay a percentage on her own property, and the attorney fees involved in that case were $10,800. In the present case there was undisputed testimony that the fee of $250 was fair and reasonable, and that it was not unreasonable, exorbitant, extortionate, oppressive or unconscionable as shown by the record in this case. So too, the fee was not contingent upon plaintiff procuring a divorce, neither was the contract contingent upon any amount that might be paid by the defendant in settlement of property rights. The oral contract or understanding made at the time the stipulation was prepared and executed provided specifically for the payment of $250 as fees for the appellant's services rendered in the divorce proceeding. As we have noted the undisputed testimony is that such an amount is a fair and reasonable fee for the services rendered even though the written contract might be held void as against public policy, which we seriously doubt, yet the appellant would be entitled to recover upon the oral contract which is established without controversy.

We are of the opinion that the court erred in denying the appellant's motion for the payment to him of the full $250 held in the office of the clerk of the district court, and the case will be remanded with directions to enter an order directing the payment to the appellant by the clerk of the $250 held by him.—Reversed and remanded.

PARSONS, C. J., and MITCHELL, KINTZINGER, STIGER, HAMILTON, DONEGAN, and ALBERT, JJ., concur.